UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY EDWARD PLEASANT,

  Plaintiff,

v.              Case No. 1:18-cv-544

               Hon. Ray Kent

COMMISSIONER OF SOCIAL
SECURITY,

  Defendant,
_____/

## OPINION

  Plaintiff brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security Administration (Commissioner) which denied his application for disability insurance benefits (DIB).

  Plaintiff alleged a disability onset date of June 30, 2014. PageID.245. Plaintiff identified his disabling conditions as degenerative joint disease and arthritis in the back, degenerative arthritis in both knees, Meniere's Disease, vertigo with tinnitus, 70% hearing loss in right ear, manic bi-polar disorder, and cluster headaches. PageID.249. Prior to applying for DIB, plaintiff completed high school and had past employment as a cashier, salesperson and construction worker. PageID.54. An administrative law judge (ALJ) reviewed plaintiff's application *de novo* and entered a written decision denying benefits on January 30, 2018. PageID.45-55. This decision, which was later approved by the Appeals Council, has become the final decision of the Commissioner and is now before the Court for review.

1

## I. LEGAL STANDARD

This Court's review of the Commissioner's decision is typically focused on determining whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *McKnight v. Sullivan*, 927 F.2d 241 (6th Cir. 1990). "Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Secretary of Health & Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). A determination of substantiality of the evidence must be based upon the record taken as a whole. *Young v. Secretary of Health & Human Services*, 925 F.2d 146 (6th Cir. 1990).

The scope of this review is limited to an examination of the record only. This Court does not review the evidence de novo, make credibility determinations or weigh the evidence. *Brainard v. Secretary of Health & Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The fact that the record also contains evidence which would have supported a different conclusion does not undermine the Commissioner's decision so long as there is substantial support for that decision in the record. *Willbanks v. Secretary of Health & Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). Even if the reviewing court would resolve the dispute differently, the Commissioner's decision must stand if it is supported by substantial evidence. *Young*, 925 F.2d at 147.

A claimant must prove that he suffers from a disability in order to be entitled to benefits. A disability is established by showing that the claimant cannot engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. *See* 20 C.F.R. §404.1505; *Abbott v. Sullivan*, 905 F.2d 918, 923

(6th Cir. 1990). In applying the above standard, the Commissioner has developed a five-step analysis:

> The Social Security Act requires the Secretary to follow a "five-step sequential process" for claims of disability. First, plaintiff must demonstrate that she is not currently engaged in "substantial gainful activity" at the time she seeks disability benefits. Second, plaintiff must show that she suffers from a "severe impairment" in order to warrant a finding of disability. A "severe impairment" is one which "significantly limits . . . physical or mental ability to do basic work activities." Third, if plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets a listed impairment, plaintiff is presumed to be disabled regardless of age, education or work experience. Fourth, if the plaintiff's impairment does not prevent her from doing her past relevant work, plaintiff is not disabled. For the fifth and final step, even if the plaintiff's impairment does prevent her from doing her past relevant work, if other work exists in the national economy that plaintiff can perform, plaintiff is not disabled.

*Heston v. Commissioner of Social Security*, 245 F.3d 528, 534 (6th Cir. 2001) (citations omitted).

The claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work through step four. *Jones v. Commissioner of Social Security*, 336 F.3d 469, 474 (6th Cir. 2003). However, at step five of the inquiry, "the burden shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.* If it is determined that a claimant is or is not disabled at any point in the evaluation process, further review is not necessary. *Mullis v. Bowen*, 861 F.2d 991, 993 (6th Cir. 1988).

## II.    ALJ's DECISION

Plaintiff's application for disability benefits failed at the fourth step of the evaluation. At the first step, the ALJ found that plaintiff had not engaged in substantial gainful activity from his alleged onset date of June 30, 2014, and that he meets the insured status requirements of the Social Security Act through December 31, 2020. PageID.47. At the second

3

step, the ALJ found that plaintiff had severe impairments of: mild to moderate degenerative disc disease in cervical spine most pronounced at C2-3 and C5-6 with small anterior and posterior vertebral body osteophytes and mild dextroscoliosis curvature of the mid cervical spine as well as levoscoliosis curvature of the lower cervical and upper thoracic spine; levoscoliosis at L3 and mild multilevel degenerative changes most significant at L3-4, L4-5 and L5-S1 where disc bulges cause mild spinal canal stenosis, but no compression of the nerve roots; degenerative changes of the feet; ankles, thoracic spine, wrists, hands, bilateral knees; Meniere's disease and bipolar disorder. PageID.47. At the third step, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments in 20 C.F.R. Pt. 404, Subpt. P, App. 1. *Id.*

The ALJ decided at the fourth step that:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except occasional climbing of stairs and ramps but no climbing of ropes, ladders of scaffolds; occasional balancing, stooping, kneeling, crouching and crawling; avoid concentrated exposure to unprotected heights, moving machinery, excessive noise, extreme temperatures both hot and cold; simple, routine and repetitive tasks; and frequent reaching, handling and fingering bilaterally.

PageID.49. The ALJ found that plaintiff was not disabled at this step because plaintiff is capable of performing his past relevant work as a cashier (unskilled, light work), which does not require performance of work-related activities precluded by his residual functional capacity (RFC). PageID.54. The ALJ found that plaintiff could meet the physical and mental demands of his past relevant work as a cashier as that job is actually and generally performed. PageID.54. Accordingly, the ALJ determined that plaintiff has not been under a disability, as defined in the Social Security Act, from June 30, 2014 (his alleged onset date) through January 30, 2018 (the date of the decision). PageID.55.

### III. DISCUSSION

Plaintiff set forth two issues on appeal.

**A. The ALJ's RFC determination is not supported by substantial evidence because he failed to follow the treating physician rule, giving the greatest weight to non-treating, non-examining physicians.**

Plaintiff contends that the RFC is not supported by substantial evidence because the ALJ failed to give appropriate weight to his treating physicians. RFC is a medical assessment of what an individual can do in a work setting in spite of functional limitations and environmental restrictions imposed by all of his medically determinable impairments. 20 C.F.R. § 404.1545. It is defined as "the maximum degree to which the individual retains the capacity for sustained performance of the physical-mental requirements of jobs." 20 C.F.R. Part 404, Subpt. P, App. 2, § 200.00(c).

#### 1. Orlando I. Benedict, M.D.

Plaintiff contends that the opinion of Orlando I. Benedict, M.D. established that plaintiff would be absent from work two or more times per month or off task 15 percent or more of the time. With these additional limitations, plaintiff would not have the RFC to perform any work in the national economy. Plaintiff's Brief (ECF No. 14, PageID.1067). As discussed, the ALJ found that plaintiff was not disabled at Step 4 because he could perform his past relevant work as a cashier. Plaintiff's contention that "he would be unable to perform any work in the national economy" (PageID.1067) is a reference to the issue addressed at Step 5 of the sequential evaluation. However, plaintiff's contention is not relevant to this appeal because there was no Step 5 determination. In this regard, it is the claimant's burden at Step 4 of the sequential evaluation to show an inability to return to any past relevant work. *Allen v. Califano*, 613 F.2d 139, 145 (6th Cir.1980). At Step 5 the burden shifts to the Commissioner to identify a significant

number of jobs in the economy that accommodate the claimant's RFC and vocational profile. *Jones*, 336 F.3d at 474. In short, plaintiff's brief is devoid of any analysis with respect to the ALJ's finding at Step 4 that plaintiff could perform his past relevant work as a cashier. The Court is not required to scour the record for potential arguments on behalf of a party. *Browder v. Ankrom*, 473 Fed. Appx. 499, 500 (6th Cir. 2012). Accordingly, plaintiff's claim of error is denied.

### 2. Carl Zamor, M.D.

Plaintiff also contends that the ALJ failed to incorporate the opinion of Dr. Zamor. Plaintiff contends that "[t]he ALJ's failure to afford appropriate weight to Dr. Zamor's opinion is harmful because he failed to incorporate all of Plaintiff's limitations in the hypothetical RFC posed to the VE" and that "[t]he ALJ's failure to incorporate all of Plaintiff's limitations into the hypothetical RFC posed to the VE renders the Step 5 determination unsupported by substantial evidence." PageID.1071. Once again, plaintiff's argument does not address the issue in this case because there was no Step 5 determination. For the reasons discussed in § III.A.1, plaintiff's claim of error is denied.

### B. The ALJ's RFC determination is not supported by substantial evidence because he failed to give weight to the Veterans Administration rating of disability awarded to the Plaintiff.

Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because he failed to appropriately weigh plaintiff's disability rating from the VA. Plaintiff had the following "combined rating" for disability from the VA: 40% (August 5, 2011); 70% (July 26, 2013); 90% (May 16, 2016); and 100% (June 25, 2016). Plaintiff's Brief (ECF No. 14, PageID.1072). *See also* PageID.196, 225. Plaintiff contends that "[t]he ALJ's failure to consider Plaintiff's disability rating is harmful because, as discussed above, he failed to incorporate all of his limitations in the hypothetical RFC posed to the VE, rendering the Step 5 determination

unsupported by substantial evidence." PageID.1072. As in the previous claims, plaintiff's argument does not address the issue in this case because there was no Step 5 determination. For the reasons discussed in § III.A.1, plaintiff's claim of error is denied.

## IV. CONCLUSION

The ALJ's determination is supported by substantial evidence. The Commissioner's decision will be **AFFIRMED** pursuant to 42 U.S.C. § 405(g). A judgment consistent with this opinion will be issued forthwith.


Dated: September 27, 2019            /s/ Ray Kent
                  United States Magistrate Judge